(51 Misc. Rep. 114.)

### AMERICAN ICE CO. v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. June, 1906.)

**1.** EMINENT DOMAIN—REMEDIES OF OWNER—TRESPASS—INJUNCTION.

An owner of piers projecting from the west end of Forty-Third street sued to recover the value of its rights to a pier taken by the city and to restrain the city from the completion of improvements for which the pier was taken until the damages were paid. Plaintiff owned an old pier, with the land on which it stood, and a four-foot strip of land between the south line of Forty-Third street and the south side of such pier, and a right of way over the water south of such line. and also had a lease of land under water on which a new pier stood. Such lease was subject to covenants to keep certain streets in repair, and to the right of the city to convert the new pier into a public street, and to a right of wharfage to the city, and the right of a third party to wharfage from a bulkhead, which would cut off access by water to the south side of plaintiff's pier. The city had brought condemnation proceedings to acquire plaintiff's rights. *Held*, that the city was not chargeable with trespass, authorizing an injunction against it.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 769–773.]

**2.** INJUNCTION—REFUSAL—RETAINING JURISDICTION—OTHER RELIEF.

Where an owner of a pier sues to enjoin the city, which had commenced proceedings to condemn the same, for an alleged trespass to the property, and the injunction was denied, the court will not retain jurisdiction to award damages, but will leave the owner to establish the same in the condemnation proceedings.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 414, 415; vol. 18, Cent. Dig. Eminent Domain, §§ 816, 817.]

Action by the American Ice Company against the city of New York. Complaint dismissed.

Stickney, Maclay & McBurney, for plaintiff.
John J. Delaney, Corp. Counsel, for defendant.

LEVENTRITT, J. Under a claim of title to the pier at the foot of West Forty-Third street and the lands occupied by it, the Knickerbocker Ice Company, the plaintiff's predecessor in title, in 1891 brought an action to restrain the defendant and others from continuing certain harbor improvements projected by the defendant under legislative authority. That action failed for the reason that the city had never conveyed the fee to the land under the pier. Knickerbocker Ice Co. v. Forty-Second St. R. R. Co., 85 App. Div. 530, 83 N. Y. Supp. 469, affirmed 176 N. Y. 408, 68 N. E. 864. The Court of Appeals

expressed the opinion, however, that the Knickerbocker Ice Company was possessed of a certain incorporeal hereditament attached to the fee of the property on which the pier stood; that is, the right to maintain a pier and to collect wharfage, even though it did not own the fee. After adding that this right constituted property, and could be taken only upon proper compensation, the court said:

"Having arrived at this conclusion, it is, neither necessary nor pertinent to suggest what other proceedings may, or should, be instituted by the plaintiff, for such proceedings may be affected or controlled by some of the events which have transpired since 1873, but which have no legitimate bearing upon the case now before us."

Thereupon the plaintiff, having succeeded to the title of the Knickerbocker Ice Company, brought this action in equity to recover the full value of its rights to the pier, and the amount of damages sustained through the alleged past unlawful acts of the defendant, and to restrain the continuance and completion of the improvements referred to, until the plaintiff is paid such value and damages. The facts underlying the former action (Knickerbocker Ice Co. v. Forty-Second St. R. R. Co., supra) are equally pertinent here; but, in view of the comprehensive manner in which they have been detailed in the various opinions rendered, it is unnecessary to repeat them. It is only necessary to mention certain events which have transpired since that action was brought.

In 1894 the defendant instituted condemnation proceedings, under chapter 410 of the Laws of 1882 and acts amendatory thereof, to acquire lands under water and wharf property on the North river between Forty-Second and Forty-Third streets, together with all wharfage rights, incorporeal hereditaments, and easements appurtenant thereto. The plaintiff appeared in that proceeding and filed a claim for damage to its wharfage rights and easements along the southerly side of the pier. The commissioners of estimate and assessment reported against the claim; but, upon appeal from an order confirming their report, the order was reversed and a rehearing directed. Matter of West Forty-Second and Forty-Third Streets (In re Water Front of City of New York; April, 1906) 98 N. Y. Supp. 1063. The ground of the reversal and of the direction for a rehearing was that:

"The commissioners proceeded upon a wrong theory in ignoring [plaintiff's] rights, and in not passing upon the question whether or not any rights existed."

In 1900 the defendant, after unsuccessful negotiations to purchase the pier, instituted condemnation proceedings, under chapter 378 of the Laws of 1897, to acquire it and all wharfage rights, terms, easements, emoluments, privileges, and hereditaments appurtenant thereto. The plaintiff appeared again, and again filed a claim. That proceeding, which has been characterized by adjournments to which both parties submitted, is pending. The projected improvements have been substantially completed, so that there is nothing upon which an injunction could operate. Both the earlier and the later condemnation proceedings were duly instituted. The defendant has a legal right to maintain them, and the courts cannot interfere with the exercise of that right. The statutes under which they were instituted authorize an agreement for the pur-

chase from the owners of any wharfage property, rights, terms, ease-ments, or privileges, and provide that, if a purchase price cannot be agreed upon, legal proceedings be taken to acquire such property or rights. These proceedings cannot be enjoined. Even if the power to enjoin existed, it will scarcely be argued that it should be exercised to forbid a rehearing which the Appellate Division has ordered. Matter of West Forty-Second and Forty-Third Streets, supra.

The plaintiff contends that, if no other reason existed, it is entitled to equitable relief because of the continuous and continuing trespass upon its property rights. Whatever rights the plaintiff has were de-rived through grants from the defendant to one Lindsley in 1850 and 1852. These grants were construed in Knickerbocker Ice Co. v. Forty-Second St. R. R. Co., 48 N. Y. Super. Ct. 489, as follows:

"The plaintiff owns the old pier, and whatever fee the city had to the land upon which it stands and to the strip of four feet between the southerly side of said pier and the southerly lien of Forty-Third street, as laid out on the map, with a right of way over the water to the south of the last-mentioned line for a reasonable distance, and it also has a lease of the land under water on which the new pier stands. These rights are subject, however (1) to Lindsley's covenants in the deeds of 1850 to build, uphold, and keep in good repair the south half of Forty-Third street and the whole of Twelfth and Thirteenth avenues (so far as described in the deed) as public streets or avenues and highways forever hereafter; (2) to the city's right to convert the new pier into a public street; (3) to the city's right of wharfage accruing from the westerly end of the southerly half of Forty-Third street; and (4) to the right of the defendant, the Forty-Second Street & Grand Street Ferry Railroad Company, as grantees of Lindsley, to all wharfage accruing from the bulkhead extending, when constructed pursuant to requirement by the city, along the exterior line of the block from the southerly line of Forty-Third street to the northerly line of Forty-Second street, and necessarily cutting off all access by water to the southerly side of plaintiff's pier. Of course, the filling in of Twelfth and Thirteenth avenues under the direction of the city implies the right to fill in the intermediate space."

Commenting upon this construction the Appellate Division in the later case between the same parties (supra) said:

"We are of opinion that the learned judge correctly defined the respective rights of these parties, so far as he assumed to determine the same. It is clear from this view that the covenants in the deed of 1850, requiring the streets appearing upon the map to be kept and maintained as public streets for the use of the public, survived the deed of 1852, and remained covenants running with the land thereafter. It further appears that such grant was made subject to the direction of the city to keep and maintain the pier, and the city reserved the right to compel the performance of such condition. It also, by virtue of the covenants contained in the deeds of 1850, had the reserved right to compel the building of sufficient bulkheads and wharves which fell within the line of the grants. * * * The plaintiff entered into possession, by itself and its predecessors in title, under qualified grants and subject to express covenants. It holds thereunder, and its rights and title are to be measured thereby. Having entered under such qualified right, it is estopped from now asserting any other claim"—

Citing Duryee v. Mayor, 96 N. Y. 477; St. Vincent Orphan Asylum v. City of Troy, 76 N. Y. 108, 32 Am. Rep. 286.

The defendant could take the pier at any time for street purposes. That right was reserved to it, as the courts have repeatedly declared. In pursuing the method prescribed by law, it cannot be charged with trespass.

This brings us to the question whether the plaintiff is entitled in this action to recover damages. The plaintiff correctly states the rule that, the jurisdiction of equity having once attached, the court may retain the cause for the purpose of awarding full and final relief in the premises. The plaintiff errs, however, in applying that rule to this case. Equity has never attached. The only equitable feature was the claim to injunctive relief. The right to that relief never existed. An action at law cannot be converted into one in equity merely by associating with a claim for damages a prayer for equitable relief which under no circumstances could be awarded. The substance of this action rests in the demand for damages. Those damages, whatever they may be, are recoverable in the pending condemnation proceedings. These views, which are in consonance with the clear intimation of the Court of Appeals in Knickerbocker Ice Co. v. Forty-Second St. R. R. Co., 176 N. Y. 408, 68 N. E. 864, lead to a dismissal of the complaint.

Complaint dismissed.